MICROFILM
SEP - 1 2006
-12 02 PM

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA            :     SEALED INDICTMENT

     -v-                            :     05 Cr.

JORGE ARIEL DIAZ-RAMIREZ,           :
  a/k/a "El Medico,"
ALVARO ARDILA-ROJAS,                :
  a/k/a "Mickey,"
NELLIE AGUDELO-PIEDRAHITA,          :
  a/k/a "Gina,"
ARTURO ROJAS-JAIME,                 :
DAVID DONADO,
DENISE DONADO,                      :
CARLOS LOPEZ,
JONATHAN SALAZAR,                   :
MANUEL GARCIA,
  a/k/a "Manolo,"                   :

                    Defendants.     :

- - - - - - - - - - - - - - - - x

05 CRIM 708

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7-7-05

COUNT ONE
(Money Laundering Conspiracy)

The Grand Jury charges:

1.  From in or about November 2004, up to and including in or about July 2005, in the Southern District of New York and elsewhere, JORGE ARIEL DIAZ-RAMIREZ, a/k/a "El Medico," ALVARO ARDILA-ROJAS, a/k/a "Mickey," NELLIE AGUDELO-PIEDRAHITA, a/k/a "Gina," ARTURO ROJAS-JAIME, DAVID DONADO, DENISE DONADO, CARLOS LOPEZ, JONATHAN SALAZAR, MANUEL GARCIA, a/k/a "Manolo," the defendants, and others known and unknown, unlawfully, willfully and knowingly did combine, conspire, confederate and

agree together and with each other to violate Section 1956(a)(1)(B) of Title 18, United States Code.

2. It was a part and an object of the money laundering conspiracy that JORGE ARIEL DIAZ-RAMIREZ, a/k/a "El Medico," ALVARO ARDILA-ROJAS, a/k/a "Mickey," NELLIE AGUDELO-PIEDRAHITA, a/k/a "Gina," ARTURO ROJAS-JAIME, DAVID DONADO, DENISE DONADO, CARLOS LOPEZ, JONATHAN SALAZAR, MANUEL GARCIA, a/k/a "Manolo," the defendants, and co-conspirators not named as defendants herein, in an offense involving and affecting interstate and foreign commerce, knowing that property involved in certain financial transactions, to wit, the receipt, custody and transfer of United States currency which represented the proceeds of some form of unlawful activity, unlawfully, willfully, and knowingly would and did conduct and attempt to conduct financial transactions, which in fact involved the proceeds of specified unlawful activity, to wit, narcotics trafficking, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of specified unlawful activity, in violation of Section 1956(a)(1)(B)(i) of Title 18, United States Code.

2

Overt Acts

3. In furtherance of said conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed:

   a. In or about November 2004, JORGE ARIEL DIAZ-RAMIREZ, a/k/a "El Medico," the defendant, participated in a meeting regarding the transportation of narcotics proceeds from New York to Mexico.

   b. On or about December 7, 2004, JORGE ARIEL DIAZ-RAMIREZ, a/k/a "El Medico," and NELLIE AGUDELO-PIEDRAHITA, a/k/a "Gina," the defendants, participated in discussions regarding, among other things, the transportation of approximately $10,000,000 in drug proceeds from New York to Mexico and Colombia.

   c. On or about January 21, 2005, JORGE ARIEL DIAZ-RAMIREZ, a/k/a "El Medico," the defendant, discussed the transportation of approximately $35,000,000 in drug proceeds from New York to Mexico and further discussed sending NELLIE AGUDELO-PIEDRAHITA, a/k/a "Gina," the defendant, to New York to oversee the transportation of these narcotics proceeds.

   d. On or about February 25, 2005, ALVARO ARDILA-ROJAS, a/k/a "Mickey," the defendant, agreed to assist in the transportation of narcotics proceeds from New York to Mexico and

3

further agreed to send DAVID DONADO, the defendant, to New York to conceal and transport these narcotics proceeds.

e.  On or about March 20, 2005, DAVID DONADO, and DENISE DONADO, the defendants, discussed the concealment and transportation of million dollar quantities of drug proceeds from New York to Mexico and supplied materials and devices that would be used to package and conceal the narcotics proceeds.

f.  On or about April 9, 2005, CARLOS LOPEZ, the defendant, met with co-conspirators not named as defendants herein and received from them a bag containing approximately $50,000 in narcotics proceeds.

g.  In or about June 2, 2005, NELLIE AGUDELO-PIEDRAHITA, a/k/a "Nina," and JONATHAN SALAZAR, the defendants, traveled to a meeting with MANUEL GARCIA, a/k/a "Manolo," and ARTURO ROJAS-JAIME, the defendants, in the Bronx, New York. During this meeting GARCIA and ROJAS-JAIME agreed to deliver narcotics proceeds to AGUDELO-PIEDRAHITA and SALAZAR.

h.  On or about June 2, 2005, MANUEL GARCIA, a/k/a "Manolo," and ARTURO ROJAS-JAIME, the defendants, in the Bronx, New York, transferred a bag containing $1,000,000 in narcotics proceeds to JONATHAN SALAZAR, the defendant.

(Title 18, United States Code, Section 1956(h) and 2.)

4

## FORFEITURE ALLEGATION

4. As a result of committing the foregoing offense alleged in Count One of this Indictment, in violation of Title 18, United States Code, Section 1956(h), JORGE ARIEL DIAZ-RAMIREZ, a/k/a "El Medico," ALVARO ARDILA-ROJAS, a/k/a "Mickey," NELLIE AGUDELO-PIEDRAHITA, a/k/a "Gina," ARTURO ROJAS-JAIME, DAVID DONADO, DENISE DONADO, CARLOS LOPEZ, JONATHAN SALAZAR, MANUEL GARCIA, a/k/a "Manolo," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982, all property, real and personal, involved in the money laundering offense and all property traceable to such property, including but not limited to the following:

 a. A sum of money no less than $35,000,000 in United States currency, in that such sum in the aggregate is property which was involved in the money laundering conspiracy offense, or is traceable to such property for which the defendants are jointly and severally liable.

### Substitute Assets Provision

5. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

 a. cannot be located upon the exercise of due diligence;

5

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property.

(Title 18, United States Code, Section 982 and Title 18, United States Code, Section 1956).

_____
FOREPERSON

_____
DAVID N. KELLEY
United States Attorney

6