USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/11/08

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------X
                                  :
UNITED STATES OF AMERICA          :
                                  :       ORDER OF FORFEITURE
            -v.-                  :
                                  :       03 CR 1391 (AKH)
ALVARO ARDILA-ROJAS               :       S2 05 CR 708 (AKH)
                                  :       S6 05 CR 517 (LAK)
            Defendant.            :
                                  :
---------------------------------X
```

WHEREAS, ALVARO ARDILA-ROJAS ("Rojas" or the "Defendant") was charged in three Indictments (the "Three Indictments"), as follows: (1) in Indictment 03 Cr. 1391 (AKH), with a violation of Title 21, United States Code, Section 963, in connection with his participation in a conspiracy to import into the United States 5 kilograms and more of cocaine from in or about 2000 up to and including in or about 2003 (Count One), (2) in superseding Indictment S2 05 Cr. 708 (AKH), with a violation of Title 18, United States Code, Sections 1956(h) and 2, in connection with his participation in a conspiracy to launder approximately $10,000,000 in narcotics proceeds from in or about November 2004 up to and including in or about July 2005 (Count One), and (3) in superseding Indictment S6 05 Cr. 517 (AKH), with a violation of Title 21, United States Code, Section 963, in connection with his participation in a conspiracy to import into the United States 5 kilograms and more of cocaine and one kilogram and more of heroin from in or about 2002 up to and including on or about July 26, 2005 (Count One), and with a

violation of Title 21, United States Code, Sections 959(a), 960(a)(3), and 960(b)(1)(B)(ii), in connection with his participation in distributing 5 kilograms and more of cocaine knowing and intending that it would be imported into the United States from at least in or about April 2005 up to and including in or about July, 2005 (Count Two);

  WHEREAS, Indictment S2 05 Cr. 708 provided notice that the Government was seeking forfeiture, pursuant to Title 18, United States Code, Sections 982 and 1956(h), of any and all property involved in the money laundering offense and any and all property traceable to such property, and whereas Indictment S6 05 Cr. 517 provided notice that the Government was seeking forfeiture, pursuant to Title 21, United States Code, Section 853, of any and all property constituting and derived from proceeds obtained directly or indirectly as a result of the controlled substance offenses and any and all property used and intended to be used in any manner or part to facilitate the commission of said offenses;

  WHEREAS, on or about March 23, 2007, the Defendant pled guilty to Count One of Indictment S6 05 Cr. 517;

  WHEREAS, on or about May 9, 2007, the Defendant pled guilty to Count Two of Indictment S6 05 Cr. 517, Count One of Indictment S2 05 Cr. 708, and Count One of Indictment 03 Cr. 1391, pursuant to a cooperation agreement with the Government;

WHEREAS, under the terms of his cooperation agreement, the Defendant agreed to forfeit to the United States all property involved in the narcotics and money laundering offenses and all property traceable to such property, including but not limited to (a) Panavia Air Cargo Company and the aircraft that are part of the assets of that cargo airline; (b) a house in Bogota, Columbia; (c) an apartment in Bogota, Columbia; (d) a money exchange business in an airport in Mexico City; (e) a residence located in Cuernavaca, Mexico; (f) an apartment in Mexico City, Mexico; and (g) a residence/property located on San Beneventura Street in Mexico City, Mexico;

WHEREAS, on April 16, 2008, the Court signed a Stipulated Preliminary Order of Forfeiture As to Specific Property, forfeiting all of the Defendant's right, title and interest in one 1972 Boeing 727-200 Aircraft, Tail No. HP1585, including its tools and appurtenances (the "Airplane");

WHEREAS, on or about August 8, 2008, the Defendant was sentenced and ordered to forfeit a sum of $48,000,000.00 ($48 million) in United States currency, representing proceeds traceable to the money laundering offenses to which he pled guilty, as well as all of his right, title and interest in the Airplane;

WHEREAS, 21 U.S.C. § 853(e)(4) authorizes a court to order a defendant to repatriate any property that may be seized

and forfeited;

WHEREAS, the Defendant agrees to make reasonable efforts, pursuant to 21 U.S.C. § 853(e)(4), to repatriate proceeds from the sale of the following properties, to be applied in partial satisfaction of the money judgment:

    a.    All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 428 San Buenaventura Street, Tlalplan, Distrito Federal, Mexico.

    b.    All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at Lot No. 30, of La Manzana Tercera, in the Residential Zone Bienes Raíces Los Tabachines, in Cuernava, Estado de Morelos, Mexico, and identified by the number 1100-24-003-030.

    c.    All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at los Laureles 444 Est-33, Bosques de Las Lomas, 05120, 05501, Mexico City, Mexico.

    d.    All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 11 Carrera S 114A-12 Lote 1 Manzana 33 Urbanizacion, Santa Barbara, Colombia.

    e.    All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at Calle 86 and Carrera Decima, Barrio Cabrera, Colombia.

    f.    All right, title and interest in Finantrust Centro Camiario.

    g.    All right, title and interest in Panavia, S.A.

(the "Subject Properties");

WHEREAS, in or about March 2006, the United States Marshals Service received three payments, together totaling $50,000 in United States currency, on the Defendant's behalf, to be paid toward to the money judgment, in partial satisfaction thereof;

WHEREAS, the Defendant's attorney, Joaquin Perez, Esq., has received, on the Defendant's behalf, approximately $100,000 in United States Currency that is to be delivered to the United States Marshals Service and to be paid toward the money judgment, in partial satisfaction thereof;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. As a result of the offenses charged in the Three Indictments, to which the Defendant pled guilty, a forfeiture money judgment in the amount of $48,000,000.00 ($48 million) in United States currency shall be entered against the Defendant (the "Money Judgment"), as part of his criminal sentence.

2. The $50,000 in United States currency received by the United States Marshals Service in March 2006 on behalf of the Defendant shall be applied to the Money Judgment, in partial satisfaction thereof.

3. The approximately $100,000 in United States currency, and all funds traceable thereto, received by the Defendant's attorney, on the Defendant's behalf, shall be sent,

in the form of a postal money order, bank or certified check, made payable, in this instance to the "United States Marshals Service," by mail to the United States Attorney's Office, Southern District of New York, Attn: Asset Forfeiture Unit, One St. Andrews Plaza, New York, New York 10007.

4. The Defendant shall make reasonable efforts to sell the Subject Properties and to repatriate the proceeds of sale to the United States, to be applied to the Money Judgment, in partial satisfaction thereof.

5. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Preliminary Order of Forfeiture the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of the property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Order of Forfeiture shall be final as to the Defendant at the time of sentencing and shall be made part of his sentence, and shall be included in the judgment of conviction therewith.

7. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance to the "United States Marshals

Service," and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Asset Forfeiture Unit, One St. Andrews Plaza, New York, New York 10007.

8. The United States may, at any time, move pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order of Forfeiture to substitute property to satisfy the money judgment in whole or in part.

9. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

10. The Clerk of the Court shall forward three certified copies of this Order to Assistant United States Attorney, Anna E. Arreola, One St. Andrew's Plaza, New York, New York 10007.

Dated:  New York, New York
        August __, 2008

SO ORDERED.

_____
HONORABLE ALVIN K. HELLERSTEIN
UNITED STATES DISTRICT JUDGE